UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIURKA ENCARNACION,

              Plaintiff,

-against-

LAWRENCE MUZZY ROSENBLATT, Trustee d/b/a CEO and President of Bowery Resident Committee Inc. aka B.R.C.; SALVATORE DAVOLA, Trustee Aka: Salvatore J. Davola d/b/a owner Neighborhood Restore HDFC; JOSH K. KOPPEL aka Josh Koppel, Trustee d/b/a President of HSC Management Corp.; ERIC. H. KAHAN aka Eric Howard Kahan, Trustee d/b/a Attorney, Lawyer, Esquire, Bar Attorney,

              Defendants.

1:24-CV-10078 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Niurka Encarnacion, of the Bronx, New York, who is appearing *pro se*, filed this action without specifying the jurisdictional basis for this action. She seeks injunctive relief and damages. Plaintiff names the following individuals as defendants: (1) Lawrence Muzzy Rosenblatt, the Chief Executive Officer, President, and a Trustee of the Bowery Resident Committee Inc. ("BRC"); (2) Salvatore J. Davola, a Trustee of Neighborhood Restore HDFC; (3) Josh K. Koppel, President and a Trustee of HSC Management Corporation; and (4) Eric H. Kahan, Esq., a Trustee of and attorney for SDK Heiberger LLP.

    By order dated January 8, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to a minor child must refer to the child by using only the child's name's initials, not the child's full name. Fed. R. Civ. P. 5.2(a)(3). Plaintiff, in her IFP application, seems to refer to a minor child using the child's full name. Thus, in an abundance of caution, the Court has directed

Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint, as specified below.[2]

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff alleges the following: In 2023, Josh Koppel initiated what appear to be eviction proceedings against Plaintiff in the New York City Civil Court, Housing Part, Bronx County, arising from Plaintiff's non-payment of rent; while those proceedings have been pending, and

---

the Clerk of Court to restrict electronic access to the IFP application to a "case participant-only" basis.

[2] Under Rule 5.2(a)(1) of the Federal Rules of Civil Procedure, a court submission may not refer to a person's complete Social Security number; it may only refer to that number by using the last four digits of that number. Fed. R. Civ. P. 5.2(a)(1). A person waives the protections of that rule if they reveal their own protected information, including their own complete Social Security number, without redacting it in the manner discussed in the rule and without requesting the sealing of the appropriate court submission. Fed. R. Civ. P. 5.2(h) ("Rule 5.2(h)"). Plaintiff, in her complaint, reveals her complete Social Security number. The Court notes, however, that, after she filed her complaint, Plaintiff approached the court's Pro Se Intake Unit to express her concern about the presence of her complete Social Security number in her complaint. In abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to Plaintiff's original complaint to a "case participant-only" basis, but only temporarily. In light of Rule 5.2(h), if Plaintiff wishes to request the sealing of her original complaint because it reveals her complete Social Security number, she must file a motion to seal the original complaint within 30 days of the date of this order. If she does not file such a motion within the time allowed, the Court will direct the Clerk of Court to lift the restrictions on public electronic access to Plaintiff's original complaint.

continuing to the present, Plaintiff's landlord(s) has/have discontinued gas service to Plaintiff's apartment.

On June 7, 2024, the New York State Division of Housing and Community Renewal's ("NYSDHCR") Office of Rent Administration issued to the BRC and to Neighborhood Renewal HDFC, which appear(s) to be Plaintiff's landlord(s), an administrative "Order Reducing Rent for Rent Stabilized Tenant(s)." (ECF 1, at 3, 95-97.) That administrative order, of copy of which is attached to the complaint, indicates that, on September 1, 2023, Plaintiff filed a complaint with the NYSDHCR about decreases in services provided to her with respect to her apartment, including decreases in providing cooking gas and an unlevel floor in Plaintiff's kitchen; Plaintiff's landlord(s) was/were given until September 5, 2023, to respond. (*Id.* at 95.) That administrative order also indicates that the NYSDHCR conducted an inspection of Plaintiff's apartment on January 10, 2024, and that it noted that, while "[g]as service was not provided to the apartment at the time of [the] inspection[,] . . . [t]he kitchen floor was level and no trip hazard was observed at the time of [the] inspection." (*Id.*) The administrative order also states that, "[w]ith regard[] to the function of the stove, the Inspector was unable to ascertain the condition[,] as the gas had been shut off at the valve." (*Id.*) The NYSDHCR, in that administrative order, additionally made the following determination: Effective October 1, 2023, "which [was] the first of the month following the service of the" NYSDHCR administrative complaint on the landlord(s), "[t]he legal regulated rent [was to be] reduced to the level in effect prior to the most recent guidelines adjustment for the tenant's lease [that] commenced before the effective date of [that administrative] [o]rder." (*Id.* at 96.) The NYSDHCR further made the following determination in that administrative order:

> No rent adjustments may be collected after the effective date of this rent reduction Order, 10/01/2023, until a rent restoration order has been issued. The owner is

directed to refund to the tenant(s) all amounts collected in excess of the reduced rent since the effective date of this rent reduction Order. If the owner fails to make a refund within thirty (30) days of the issue date of this Order, the tenant is authorized to deduct the amount from future rent(s) until the total amount has been refunded, unless the owner files a Petition for Administrative Review of this Order. The owner is directed to restore the above services not maintained for all apartments affected by the order within thirty (30) days of the issue date.

(*Id.*)

On July 10, 2024, Plaintiff issued a "Notice of Constructive Conditional Acceptance" to what appears to be the defendants (who appear to be individuals affiliated with Plaintiff's landlord(s)), in an attempt to resolve the abovementioned dispute. The defendants did not respond to that "notice," "resulting in a [d]efault and [b]reach of contract." (ECF 1, at 3.)

The defendants have "willfully disregarded" the abovementioned NYSDHCR administrative order, and, "[i]n an apparent act of retaliation and abuse, [they] unlawfully disconnected [Plaintiff's] electricity on or about October 10, 2024." (*Id.*) The defendants have refused to restore Plaintiff's electricity, "claiming [that Plaintiff] owes [r]ent and [that] this is what happens" when rent is not paid. (*Id.*) Plaintiff "paid the electrical bill on October 11, 2024, in order to have electricity service." (*Id.*)

Plaintiff asks the Court to:

A. Issue an order compelling [the defendants] to respond to the NOTICE OF CONSTRUCTIVE CONDITIONAL ACCEPTANCE and address the Default and Breach of Contract[;]

B. Enforce the [NYSDHCR administrative order] and require [the defendants] to comply fully with its terms[;]

C. Award [Plaintiff] compensatory damages in an amount [stated] in the terms and condition[s] [listed] in the NOTICE OF CONSTRUCTIVE CONDITIONAL ACCEPTANCE[3][;]

---

[3] Plaintiff has attached to her complaint a copy of the "Notice of Constructive Conditional Acceptance" (ECF 1, at 8-21.) Her reference, in her complaint, to the amount of damages sought in that "notice" seems to include the following: (1) $315,000 "for every day

4

  D. Award [Plaintiff] punitive damages to deter such conduct in the future;

  E. Issue an injunction prohibiting the [defendants] from further retaliatory actions, including but not limited to the disconnection of essential utilities;

  F. Award [Plaintiff] reasonable fees and costs incurred in bringing this action; and

  G. Grant such other and further relief as the Court deems just and proper.

(*Id.* at 5.)

## DISCUSSION

  The court appears to lack subject matter jurisdiction to consider this action. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject matter jurisdiction only when a "federal question" is presented or, when asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the

---

[Plaintiff's] offspring . . . [has] been waiting to get a functional oven to bake a cake"; (2) $200,000 "for beneficiary deprivation of keeping fresh fruits and vegetables in a broken refrigerator since day one in said apartment"; (3) $500,000 "[f]or beneficiary deprivation of inviting friends and family to [Plaintiff's] domicile for the [h]olidays and special occasions"; (4) $500,000 "[f]or the extra time and deprivation of sleep having to cook breakfast[] on a hot plate before going to work and cooking dinner after work and the limited kind of dinner [Plaintiff] can cook on a hotplate"; (5) $500,000 "for all the times [Plaintiff] had to eat at a [r]estaurant"; (6) $500,000 "for all the years [the] Trustees failed to execute and deprived [Plaintiff] of necessities [*sic*]"; (7) $20,000 "for all the efforts [Plaintiff made] in trying to solve the issue of no [g]as"; and (8) $500,000 "for limiting the size [that Plaintiff] needs to reside comfortably with her offspring." (*Id.* at 18-19.)

5

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative").

A.     **Federal question jurisdiction**

Plaintiff does not allege facts sufficient to establish the court's federal question jurisdiction to consider her claims. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's claims appear to arise from a dispute that she has with her landlord(s) about providing gas, electricity, and other services with respect to her tenancy in an apartment, and about her failure to pay rent; such claims do not appear to involve a federal law cause of action or require resolution of a substantial question of federal law. Thus, inasmuch as Plaintiff invokes the court's federal question jurisdiction, the Court dismisses her claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead her claims in an amended complaint in which she alleges facts showing that the court has federal question jurisdiction of the claims raised in her amended complaint.

B.  **Diversity jurisdiction**

Inasmuch as Plaintiff attempts to assert claims under state law, under the court's diversity jurisdiction, Plaintiff also does not allege facts sufficient to establish the court's diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that she and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where she is domiciled, which is defined as the place where the individual "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

There is a second component of diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged

jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed as frivolous*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Plaintiff seems to allege that she is a citizen of the State of New York. (ECF 1, at 2.) She does not specify, however, where any of the defendants, who are all individuals, resides. Thus, the Court cannot determine their state citizenships. In addition, to the extent that it is Plaintiff's intent to sue the organizations that, she alleges, those individuals are affiliated with, she does not specify the citizenship of any of those organizations. Thus, the Court cannot discern whether the parties are diverse for the purpose of determining whether the court has jurisdiction to consider any of Plaintiff's claims under state law.

Moreover, while Plaintiff appears to seek damages far above the jurisdictional amount for diversity jurisdiction – an amount in excess of the sum or value of $75,000 – she has not alleged facts sufficient to show that her claims under state law satisfy that amount. This is because Plaintiff's allegations as to the value of her claims are completely speculative and conclusory, with no basis in fact demonstrating how such claims are worth in excess of the sum or value of $75,000.

Accordingly, to the extent that Plaintiff asserts claims under state law under the court's diversity jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff leave to replead her claims under state law, brought under the court's diversity jurisdiction, in an amended complaint in which she alleges facts showing that the court has diversity jurisdiction to consider such claims.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)). Because Plaintiff may be able to allege additional facts to state a valid claim under either the court's federal question jurisdiction or the court's diversity jurisdiction, the Court grants Plaintiff 30 days' leave to file an amended complaint in which she alleges facts showing that the court has subject matter jurisdiction to consider her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons sent forth in this order.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in

which she alleges facts showing that the court has subject matter jurisdiction to consider her claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons sent forth in this order.

The Court also grants Plaintiff 30 days' leave to file a motion to seal her original complaint. Electronic access to Plaintiff's original complaint will remain restricted to a "case participant-only" basis for those 30 days. If Plaintiff does not file a motion to seal her original complaint within that period of time, the Court will direct the Clerk of Court to lift the electronic access restrictions on Plaintiff's original complaint, which will make her original complaint completely electronically available to public scrutiny.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   February 21, 2025
         New York, New York

                                                     /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                   Chief United States District Judge