UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIURKA ENCARNACION,

Plaintiff,

-against-

JOSH KOPPEL, et al.,

Defendants.

1:24-CV-10078 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated February 21, 2025, the Court dismissed this action for lack of subject matter jurisdiction, but granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 30 days' leave to file an amended complaint to allege facts showing that the court has subject matter jurisdiction to consider her claims. (ECF 9.) Because, in her IFP application, it appears that Plaintiff reveals the full name of a minor child, in an abundance of caution, the Court directed the Clerk of Court to restrict electronic access to that IFP application. (*Id.* at 1 n.1.) The Court also noted that, in her original complaint, Plaintiff reveals her own complete Social Security number, but approached the court's Pro Se Intake Unit to express her concern about that; in an abundance of caution, the Court directed the Clerk of Court to also temporarily restrict electronic access to Plaintiff's original complaint. (*Id.* at 2 n.2.) The Court instructed Plaintiff that, if she wanted to request the sealing of her original complaint because it reveals her complete Social Security number, she would need to file a motion to seal it within 30 days of the date of that order; if she did not do so within that time period, the Court would direct the Clerk of Court to lift the electronic access restriction on Plaintiff's original complaint.[1] (*Id.*)

---

[1] The electronic access restrictions placed on Plaintiff's IFP application and original complaint have not been lifted.

By order dated March 20, 2025, the Court granted Plaintiff an extension of time—until March 28, 2025—to comply with the Court's February 21, 2025 order and to file a motion to seal her original complaint. (ECF 11.)

On March 31, 2025, Plaintiff filed her amended complaint. (ECF 14.) It is the operative pleading for this action. On that same date, Plaintiff also filed a letter that seems to request that her original complaint be sealed. (ECF 13.) Thereafter, Plaintiff filed submissions that the Court construes as supplements to the amended complaint. (ECF 16, 17.)

Even though the Court has not ordered any summonses to be issued—and, therefore, service has not occurred—on November 22, 2025, counsel for Defendants filed a notice of appearance (ECF 20) and a letter in which counsel alternatively requests that the Court dismiss this action or grant Defendants an extension of time to file a motion to dismiss (ECF 21).

On December 2, 2025, Plaintiff filed a motion for a protective order and emergency relief, as well as a proposed protective order. (ECF 25, 26.) Seven days later, on December 9, 2025, Plaintiff filed a motion for the court to issue summonses and a declaration in support of that motion. (ECF 27, 28).

On December 12, 2025, Plaintiff filed: (1) an application for the Court to issue a temporary restraining order and a preliminary injunction ("OTSC") (ECF 31); (2) a declaration (ECF 34); (3) a purported affidavit in support of her OTSC (ECF 35) ("support affidavit"); (4) a motion to seal the support affidavit, any exhibits filed in support of the OTSC, and "[a]ny documents submitted for in camera review in connection with" the OTSC (ECF 29); (5) a motion requesting (a) the granting of the OTSC, (b) the granting of a preliminary injunction "to emergency relocat[e]," (c) the "directing [of] the City to redirect FHEPS payments," (d) the issuing of an "order to seal," (e) the issuing of an order "requiring Defendants to preserve

evidence," and (f) the granting of "[s]uch other relief as the Court deem[s] just" (ECF 30); and (6) a letter requesting the sealing of the OTSC, the support affidavit, and any accompanying exhibits (ECF 32).[2]

For the reasons discussed below, the Court dismisses this action for lack of subject matter jurisdiction. The Court denies Plaintiff's letter request to seal her original complaint. (ECF 13.) The Court also denies Plaintiff's letter request and motion seeking the sealing of Plaintiff's OTSC and supporting submissions (ECF 29, 32). The Court further denies all other pending motions and requests.[3] Plaintiff's original complaint (ECF 1), IFP application (ECF 2), proposed protective order (ECF 26), and her support affidavit (ECF 35) will remain subject to electronic access restrictions.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

---

[2] In an abundance of caution, electronic access to Plaintiff's motion to seal her OTSC and supporting submissions (ECF 29) and to all of her submissions filed thereafter (ECF 30-36) has been restricted pending the Court's ruling on that motion and her requests to seal certain submissions (ECF 13, 29, 32).

[3] The Court notes that Plaintiff's proposed protective order (ECF 26) and her support affidavit (ECF 35) reveal complete financial account numbers of a non-party. Under Rule 5.2 of the Federal Rules of Civil Procedure, a court filing that includes a reference to a financial account number may only do so by revealing the last four digits of that financial account number. *See* Fed. R. Civ. P. 5.2(a)(4). A person waives the protection of this rule if they reveal their own information without redaction or without seeking to file it under seal. *See* Fed. R. Civ. P. 5.2(h). As mentioned above, however, the financial account numbers revealed in these submissions are not Plaintiff's. Thus, in an abundance of caution, pending a ruling on Plaintiff's motion to seal and other requests to seal submissions (ECF 13, 29, 32), and notwithstanding any other reason to restrict electronic access to the support affidavit (ECF 35), the Court has directed that electronic access to the proposed protective order (ECF 26) and to the support affidavit (ECF 35) be restricted.

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.    Plaintiff's amended complaint and supplements

The Court, in its February 21, 2025 order, dismissed this action for lack of subject matter jurisdiction, but granted Plaintiff leave to replead her claims in an amended complaint in which she must allege facts showing that the court has subject matter jurisdiction to consider her claims. (ECF 9). Neither Plaintiff's amended complaint, the submissions that the Court has deemed to be supplements to her amended complaint, nor any of her other submissions allege any facts suggesting that the court can consider her claims under either the court's federal question jurisdiction or diversity jurisdiction.[4]

Accordingly, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court denies Plaintiff further leave to amend because the Court has already granted her leave to amend, but she has failed to cure the deficiencies previously

---

[4] To the extent that Plaintiff attempts to invoke 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242 as a basis for the court to consider this action under its federal question jurisdiction (ECF 22, at 1), Plaintiff alleges no facts showing that her claims involve a federal law cause of action or require resolution of a substantial question of federal law, *see Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation marks omitted)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

discussed by the Court in its February 21, 2025 order. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Because the Court dismisses this action, it denies as moot all of Plaintiff's pending motions and requests for relief, including Plaintiff's OTSC (ECF 25, 26, 27, 30, 31), but not including any motion or request to seal submissions. The Court will separately address Plaintiff's motion and requests to seal submissions (ECF 13, 29, 32) in the next section of this order.

**B.      Motion and requests to seal submissions**

Plaintiff has not proffered sufficient justification to warrant the sealing of the entirety of any of her submissions, including the entirety of her original complaint. While some of Plaintiff's submissions may contain sensitive information, such as Plaintiff's complete Social Security number, a minor's complete name, a non-party's financial account numbers, or other sensitive or embarrassing information, they do not warrant the extreme remedy of sealing the entirety of the filing in which they are contained. The Court therefore denies Plaintiff's motion and requests to seal any of her submissions. (ECF 13, 29, 32.)

Restrictions on access to the abovementioned submissions that are less severe than sealing them—restrictions on electronic access—can protect the abovementioned information from unnecessary dissemination and protect Plaintiff from a potential for harm. Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to continue to restrict electronic access to those of Plaintiff's submissions that contain the information listed above, namely, Plaintiff's original complaint (ECF 1), IFP application (ECF 2), proposed protective order (ECF 26), and support affidavit (ECF 35).

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court denies Plaintiff's letter request to seal Plaintiff's original complaint. (ECF

13.) The Court also denies Plaintiff's letter request and motion to seal her application for an order to show cause for a temporary restraining order and a preliminary injunction and its supporting submissions (ECF 29, 32).

The Court, however, directs the Clerk of Court to continue to restrict electronic access to Plaintiff's original complaint (ECF 1), IFP application (ECF 2), proposed protective order (ECF 26), and support affidavit (ECF 35).

Any electronic access restriction placed on any submission in this action that is not mentioned above is to be lifted. Thus, the Court further directs the Clerk of Court to lift the electronic access restrictions on ECF 29, 30, 31, 32, 33, 34, and 36.

The Court additionally directs the Clerk of Court to terminate all pending motions. (ECF 25, 27, 29, 30.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                         Chief United States District Judge

6